**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| KYLE CHAPMAN MOTOR SALES, L.P., | § § § | LEAD CASE NO. 24-10143-smr |
| | § | |
| KCMS PREMIER CREDIT, INC., | § § | SECOND CASE No. 24-10144-smr |
| CAVALIER LAMAR HOLDINGS, L.P. | § § § | THIRD CASE No. 24-10146-smr |
| | § | CHAPTER 11 |
| Debtors.[1] | § § § | Jointly Administered Under Case No. 24-10143-smr |

___

**DEBTORS' RESPONSE TO FROST BANK'S OBJECTIONS TO CONFIRMATION AND RENEWED MOTION TO CONVERT**
___

COMES NOW Kyle Chapman Motor Sales ("Chapman Motors"), KCMS Premier Credit, Inc. ("KCMS Premier"), and Cavalier Lamar Holdings, L.P. ("Cavalier") (collectively, the "Debtors"), and files this *Response* to *Frost Bank's Objections to Debtors' Joint Plan of Reorganization and Renewed Motion to Convert or, in the Alternative, Motion to Dismiss* (the "Objection")(ECF # 152) filed by Frost Bank (the "Bank"). Because the Debtors proposed the Plan in good faith, have presented a feasible plan, and the Plan fairly and equitably treats the secured claim of the Bank, the Court should overrule the Bank's Objection and deny the Motion to Covert. The Debtors will, in support show:

I. **SUMMARY OF ARGUMENT**

1. The Debtors have a lengthy history that spans several decades, economic cycles,

___

[1] The address for the Debtors is: 18300 S. IH 35, Buda, Texas 78610. The last for digits of their respective tax identification numbers are: Kyle Chapman Motor Sales, LP (#8241); KCMS Premier Credit, Inc. (#4717); Cavalier Lamar Holdings, LP (#5509).

relocations, and now, a lengthy bankruptcy process. Since filing the bankruptcy petitions, Debtors will have paid over $5.6 million on the Credit Loan while restricting inventory purchases to make aggressive adequate protection payments. Debtors submit that their history, performance during the bankruptcy, and projections all demonstrate that the case and Plan were filed in good faith, is feasible, and by providing regular monthly payments with accruing interest and a 5-year balloon payment, satisfy the statutory protections for the Bank's secured claims.

2.  All told, the Debtors believe that the going concern value of their assets are almost $22,000,000, an amount that far exceeds the Bank's loans which are, by the Bank's calculations, approximately $12,690,000. Since the Bank is an over secured creditor, the Debtors can confirm the Plan over the Bank's objection if it satisfies § 1129(b)(2) and the other grounds for objection.

## II. ARGUMENT

3.  The Bank objects to Confirmation on three basis: that the Plan is not proposed in good faith; that the Plan is Not Feasible; and, that the Cramdown treatment is not "Fair and Equitable". *See Objection* ¶ 23-33. For the reasons set forth below, the Bank's objections should all be denied.

### A. *Plan is Proposed in Good Faith*

4.  The Bank alleges that the Plan was filed in bad faith because the cases were commenced after the Debtors came to a loggerhead with its secured lender, took almost a year to get a Plan on file, seeks to modify the rights of the secured creditor, and proposes to retain and compensate Mr. Chapman's family members for the work they perform tirelessly. *See Objection* ¶ 26. The Bank is correct that the courts must view the totality of the circumstances when determining whether the case and plan are filed in good faith. *See Objection ¶ 25, citing In re Trinity Family Practice & Urgent Care PLLC,* 661 B.R. 793 (Bankr. W.D. Tex. 2024).

5. As explained in the *Declaration of Kyle Chapman in Support of Confirmation* (ECF #157)(the "Declaration"), the delay in proposing a plan of reorganization came after the Bank respectfully requested that the Debtors engage with outside parties to liquidate assets, inject cash, or otherwise work towards a quicker payoff of the loans with the Bank. (Declaration ¶ 21-23). Thereafter, the Debtor engaged with a series of third parties to no avail. (Declaration ¶ 24-26), which led the Debtor to craft the reorganization strategy found in the Plan. Seemingly, the Bank was content to accept the $100,000 per week adequate protection payments but now asserts that, somehow, the Debtors' performance over those several months indicates that the Plan is proposed in bad faith.

6. Following the Bank's logic, cases filed due to a dispute with the primary lender would be presumptively filed in bad faith, a conclusion that flies in the face of the bankruptcy code and has no basis in the bankruptcy code. As opposed to a case filed on the eve of a runaway verdict or after multiple findings of contempt, the Debtors here filed for bankruptcy relief after engaging with the Bank for multiple rounds of negotiations and subsequently agreed to the Bank's demands for adequate protection payments. (*See First Interim Agreed Order Authorizing Use of Cash Collateral and Providing Adequate Protection*, ECF No. 42).

7. Lastly, the Bank appears to be concerned at the prospect of the Reorganized Debtors exercising its rights under § 1123(b)(5) to modify the rights of a secured creditor and to, in general operate. As explained below, with additional arguments to be provided at the hearing, the modifications of the Credit Loan into the "Rolled-up Loan" is fair and equitable and will provide ongoing cash payments to the Bank while allowing the Debtors to continue operating.

### B. Debtors' Joint Plan is Feasible

8. The second basis for the objection, that the Plan is not feasible, similarly fails. Debtors have, over the last year plus, will have paid approximately $5.6 million prior to the Effective Date, all the while the Debtors have continued operations, albeit with a limited ability to generate sales. As explained in the Declaration, Debtors believe that with sales of approximately 30 vehicles per month, it should be able to replenish the notes receivables and stream of revenue generated therefrom, in an amount sufficient to maintain the operations as shown in the plan projections. *See Declaration* ¶ 33. Moreover, the Chapman Motors has worked with potential lender and purchaser to generate additional revenue by selling light duty pickup trucks to small businesses that will make larger down payments than Debtors have historically received. Thereafter, Debtors will sell those new notes to pay down the floor plan loan. *Declaration* ¶ 34.

### C. The Plan is Fair and Equitable

9. The Bank's last basis for objecting to confirmation, that the treatment is not fair and equitable under § 1129(b)(2)(A), applies the incorrect standard. See Objection ¶ 32-33. Instead of the "Indubitable Equivalent" prong, the correct application is whether the Bank retains its liens and received deferred cash payments equal to the amount of its claim. See § 1129(b)(2)(A)(i). The Plan proposes to pay the claim in full within 60 months. Instead of simply offering a circumspect payoff at the end of five years, the Debtors proposes to amortize the Bank's claim over 15 years with an annual interest rate of 8.75%, resulting in monthly payments of $115,000. Additionally, the Debtors propose extra lumpsum payments every summer, starting with the liquidation of unencumbered real estate. As such, the Bank is not shouldering all the risk but will, by the Debtors' estimates, receive over $4 million in interest over the course of the Plan, maintain its secured position, and ultimately be paid in full.

10. Meanwhile, in the instance that the Debtors default on their Plan payments, the Bank retains all of its secured interests in the collateral, namely the Notes Receivable, Inventory, Cash, and real estate. Since the Plan does not strip the Bank's security interest in the Debtors' assets, it preserves the Bank's right to foreclose in the instance there is a default of the plan. *See In re Briscoe Enters., Ltd., II*, 994 F.2d 1160 (5th Cir. 1993). In *Briscoe*, the Court approved a plan that provided a 30-year amortization with a balloon due in 15 years even though only 20% of the principal would be paid in that time. *Id*. at 1169. Here, as shown in the amortization table, Debtors will pay approximately 30% of the loan principal in 5 years which will, in conjunction with the equity in the real estate, allow the Reorganized Debtors to find take out financing, sell the assets for the satisfaction of the Bank, or otherwise partner with another entity that can help satisfy the debt then owing to the Bank.

WHEREFORE, the Debtor prays that the Court deny the Objection and for such other relief as the Court may provide.

Dated: May 13, 2025

Respectfully submitted,

**HAYWARD PLLC**

By: /s/ *Todd Headden*
Todd Headden
Texas Bar No: 24096285
7600 Burnet Road, Suite 530
Austin, TX 78757
(737) 881-7100 (Phone/Fax)
theadden@haywardfirm.com

*Counsel for the Debtors*

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2025, the foregoing Notice was served via CM/ECF on all parties requesting such service. In addition, on May 13, 2025, the foregoing Notice was served via First Class Mail to the parties on the attached creditor's matrix.

/s/ *Todd Headden*__
Todd Headden

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0542-1<br>Case 24-10143-smr<br>Western District of Texas<br>Austin<br>Fri Mar 15 13:20:35 CDT 2024 | Cavalier Lamar Holdings, L.P.<br>18300 S. IH 35<br>Buda, TX 78610-5735 | Kyle Chapman Motor Sales, L.P.<br>18300 S. IH 35<br>Buda, TX 78610-5735 |
| U.S. BANKRUPTCY COURT<br>903 SAN JACINTO, SUITE 322<br>AUSTIN, TX 78701-2450 | 1-800 Radiator & A/C<br>P.O. Box 170161<br>Austin, TX 78717-0010 | A & R Auto Center, LLC<br>P.O. Box 2168<br>Kyle, TX 78640-1806 |
| A-1 Partsmart<br>P.O. Box 78998<br>Austin, TX 78760 | AT&T Bankruptcy Center<br>2270 Lakeside Blvd., 7th Floor<br>Richardson, TX 75082-4304 | AT&T Mobility<br>P.O. Box 6463<br>Carol Stream, IL 60197-6463 |
| Arnold Oil Company<br>P.O. Box 18089<br>Austin, TX 78760-8089 | Austin Nas Auto, LLC<br>10836 N Lamar Blvd.<br>Austin, TX 78753-3053 | Auto Master Systems, Inc.<br>P.O. Box 620<br>Sweetser, IN 46987-0620 |
| AutoZone Inc<br>PO BOX 10 - DEPT 9003<br>Memphis, TN 38101-0010 | BlytzPay, LLC<br>13961 S. Minuteman Dr., Suite 375<br>Draper, UT 84020-7880 | Boost Foundry, LLC dba Magiloop<br>237 S Terrace<br>Wichita, KS 67218-1431 |
| CMIT Solutions<br>6046 FM 2920, Suite 222<br>Spring, TX 77379-2542 | Capital One<br>Attn: General Correspondence<br>P.O. Box 30285<br>Salt Lake City, UT 84130-0285 | Capital One<br>P.O. Box 65019<br>City of Industry, CA 91716 |
| Castle Auto Glass<br>420 Pentire Way<br>Hutto, TX 78634-5738 | Cavalier Lamar Holdings, LP<br>18300 S Interstate 35<br>Buda, TX 78610-5735 | Cen-Tex Detail Supply<br>10829 Jollyville Rd<br>Austin, TX 78759-5634 |
| Dillo Towing, LLC<br>c/o Registered Agent, Diedre Marie Cuell<br>151 Chalk Drive Ct.<br>Buda, TX 78610-2787 | Dons Auto Upholstery<br>P.O. Box 13<br>Luling, TX 78648-0013 | Drive Wholesale, LLC<br>c/o Koko Himes<br>810 South Rock St. #104<br>Georgetown, TX 78626-2831 |
| EXXON Mobil<br>P.O. Box 6293<br>Carol Stream, IL 60197-6293 | Elio's Auto Repair<br>4709 Preakness Street<br>Del Valle, TX 78617-3469 | Empire Indemnity Insurance Company<br>Brookside Office Park<br>1161 Corporate Dr W, Suite 300<br>Arlington, TX 76006-6820 |
| Frost Bank<br>c/o Leslie M. Luttrell<br>100 NE Loop 410, Ste. 615<br>San Antonio, TX 78216-4713 | Frost Bank<br>c/o Morris E. Trey White<br>Luttrell + Carmody Law Group<br>100 NE Loop 410, Ste. 615<br>San Antonio, TX 78216-4713 | Graybar Financial Services<br>P.O. Box 5066<br>Hartford, CT 06102-5066 |

| | | |
|---|---|---|
| Hays CISD<br>c/o Diane W. Sanders<br>Linebarger Goggan Blair & Sampson, LLP<br>P.O. Box 17428<br>Austin, TX 78760-7428 | Hays County Tax Office/UPTV<br>712 S Stagecoach Trail<br>San Marcos, TX 78666-5999 | Henderson Hutcherson & McCollough, PLLC<br>1200 Market Street<br>Chattanooga, TN 37402-2713 |
| Henna Chevrolet<br>P.O. Box 15347<br>Austin, TX 78761-5347 | Internal Revenue Service<br>Centralized Insolvency Office<br>P. O. Box 7346<br>Philadelphia, PA 19101-7346 | J Reyes Auto, LLC<br>1891 Bebee Rd<br>Kyle, TX 78640-4742 |
| J&S Towing and Recovery<br>1702 S Interstate 35<br>San Marcos, TX 78666-6010 | JB's Collision Center<br>104 Texas Avenue<br>San Marcos, TX 78666-5903 | JM Auto Sales<br>11088 County Rd 272<br>Bertram, TX 78605-4099 |
| Jerry Williams Motors<br>151 Hilltop Drive<br>Dripping Springs, TX 78620-3192 | K&M Tire, Inc.<br>965 Spencerville Ave<br>Delphos, OH 45833-2351 | Keyless Ride<br>P.O. Box 2316<br>San Antonio, TX 78298-2316 |
| Kia of South Austin<br>6161 Rothway Street<br>Houston, TX 77040-5036 | Koenig Lane Inspections, Inc.<br>301 W Koenig Ln<br>Austin, TX 78751-1116 | LKQ Central Texas<br>15726 Collections Center Dr<br>Chicago, IL 60693-0001 |
| Legal Response Operations Center<br>Charter Communications, Inc.<br>12405 Powerscourt Drive<br>Saint Louis, Missouri 63131-3673 | Lodestar RE, Inc.<br>8220 San Pedro NE, Suite 515<br>Albuquerque, NM 87113-2476 | Loomis<br>2500 Citywest Blvd., Suite 2200<br>Houston, TX 77042-3031 |
| Luttrell + Carmody Law Group<br>One International<br>100 N.E. Loop 410, Suite 615<br>San Antonio, TX 78216-4713 | Mac Haik Ford<br>P.O. Box 710<br>Georgetown, TX 78627-0710 | National Lenders General Agency, LLC<br>17047 El Camino Real, Suite 211<br>Houston, TX 77058-2643 |
| National Tire Wholesale<br>P.O. Box 205535<br>Dallas, TX 75320-5535 | Neo Finance, Inc.<br>700 Villa Centre Way<br>San Jose, CA 95128-5140 | O'Reilly Automotive Stores Inc<br>PO Box 1156<br>Springfield, MO 65801-1156 |
| O'Reilly Automotive, Inc.<br>P.O. Box 9464<br>Springfield, MO 65801-9464 | Office of Attorney General<br>Bankruptcy & Collections Div.<br>Regulatory Enforcement Section<br>P.O. Box 12548<br>Austin, TX 78711-2548 | Passtime USA<br>861 Southpark Dr., Suite 200<br>Littleton, CO 80120-5684 |
| PayChex<br>911 Panorama Trail South<br>Rochester, NY 14625-2396 | Peak BHPH Performance<br>10228 E Northwest Hwy #1074<br>Dallas, TX 75238-4408 | Pedernales Electric Cooperative<br>P.O. Box 1<br>Johnson City, TX 78636-0001 |

| | | |
|---|---|---|
| Quantum Towing<br>800 Summit<br>Kyle, TX 78640-9579 | RME Recovery<br>15505 N Interstate 35, Suite B<br>Pflugerville, TX 78660-6457 | Rogelio Hernandez<br>822 Carlisle Ave<br>San Antonio, TX 78225-2501 |
| San Marcos CISD<br>c/o Diane W. Sanders<br>Linebarger Goggan Blair & Sampson, LLP<br>P.O. Box 17428<br>Austin, TX 78760-7428 | Sarekon, LLC<br>610 Terminal Way<br>Costa Mesa, CA 92627-3616 | Snyder's Salvage<br>P.O. Box 32<br>Holland, TX 76534-0032 |
| South Austin Nissan<br>4914 S IH 35 Frontage Rd<br>Austin, TX 78745 | South Point Dodge<br>5210 S Interstate 35<br>Austin, TX 78745-2444 | South Point Hyundai<br>4610 S I-35 Frontage Rd<br>Austin, TX 78745 |
| South Texas Auto Exchange<br>1346 Parkridge Dr<br>San Antonio, TX 78216-6031 | Southern Tire Mart<br>Dept. 143, P.O. Box 1000<br>Memphis, TN 38148-0001 | Spectrum - Time Warner Cable<br>P.O. Box 223085<br>Pittsburgh, PA 15251-2085 |
| (p)TEXAS COMPTROLLER OF PUBLIC ACCOUNTS<br>REVENUE ACCOUNTING DIV - BANKRUPTCY SECTION<br>PO BOX 13528<br>AUSTIN TX 78711-3528 | Texas Department of Motor Vehicles<br>4000 Jackson Ave.<br>Austin, TX 78731-6007 | Texas ProTax Austin, Inc.<br>P.O. Box 140025<br>Austin, TX 78714-0025 |
| The County of Hays, Texas<br>c/o McCreary, Veselka, Bragg & Allen<br>P.O. Box 1269<br>Round Rock, TX 78680-1269 | Travis County Assessor-Collector<br>P.O. Box 149328<br>Austin, TX 78714-9328 | United Auto Parts<br>6404 Fairdale Dr<br>San Antonio, TX 78218-4303 |
| United States Trustee - AU12<br>United States Trustee<br>903 San Jacinto Blvd, Suite 230<br>Austin, TX 78701-2450 | Valero Fleet Services<br>P.O. Box 6293<br>Carol Stream, IL 60197-6293 | Verde's Auto Repair<br>2600 Goforth Rd<br>Kyle, TX 78640-4713 |
| Walton Distributing Co., Inc.<br>6000 Tri County Pkwy<br>Schertz, TX 78154-3248 | Wesley Auto Recovery Inc.<br>1824 Mearns Road<br>Warminster, PA 18974-1195 | Wind-Pro, Inc.<br>P.O. Box 12384<br>Austin, TX 78711-2384 |
| World Pac<br>P.O. Bx 674687<br>Dallas, TX 75267-4687 | XL Parts, LLC<br>P.O. Box 736201<br>Dallas, TX 75373-6201 | Todd Brice Headden<br>Hayward PLLC<br>7600 Burnet Road<br>Suite 530<br>Austin, TX 78757-1269 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Texas Comptroller of Public Accounts
Revenue Accounting Division - Bankruptcy
P.O. Box 13528 Capitol Station
Austin, TX 78711

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)Autozone, Inc.
PO BOX 10  DEPT 9003
Memphis, TN 38101-0010

End of Label Matrix
Mailable recipients    86
Bypassed recipients     1
Total                  87