IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| KYLE CHAPMAN MOTOR SALES, LP, | § § | LEAD CASE NO. 24-10143-SMR |
| KCMS PREMIER CREDIT, INC., | § § | SECOND CASE NO. 24-10144-SMR |
| CAVALIER LAMAR HOLDINGS, LP, | § § | THIRD CASE NO. 24-10146-SMR |
| Debtors. | § § § § | CHAPTER 11<br>Jointly Administered Under<br>Case No. 24-10143-SMR |

**FROST BANK'S SUPPLEMENTAL OBJECTIONS TO DEBTORS'
AMENDED JOINT PLAN OF REORGANIZATION**

**THIS PLEADING REQUESTS RELIEF THAT MAY BE ADVERSE TO YOUR INTERESTS.**

**IF NO TIMELY RESPONSE IS FILED WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE, THE RELIEF REQUESTED HEREIN MAY BE GRANTED WITHOUT A HEARING BEING HELD.**

**A TIMELY FILED RESPONSE IS NECESSARY FOR A HEARING TO BE HELD.**

TO THE HONORABLE COURT:

Frost Bank ("**Bank**"), a secured creditor and party-in-interest in the above-styled cases, hereby files these Supplemental Objections to Kyle Chapman Motor Sales, LP ("**Chapman Motor**"), KCMS Premier Credit, Inc. ("**Premier**"), and Cavalier Lamar Holdings, LP ("**Cavalier**")'s Amended Joint Plan of Reorganization ("**Amended Joint Plan**") and in support respectfully shows:

**I.     SUMMARY OF RELIEF REQUESTED**

1.     On May 9, 2025, the Bank filed its objections to Debtors' original Joint Plan of Reorganization (ECF No. 128) (the "**Original Joint Plan**") arguing the plan was not made in good

faith, the plan is not feasible, and Debtors cannot meet their burden to show the plan is fair and equitable. 11 U.S.C. §§ 1129(a)(3), (a)(11), (b). *See* ECF No. 152. That same day, Debtors filed their Amended Joint Plan of Reorganization ("**Amended Joint Plan**"). *See* ECF No. 151.

2. The Bank files these supplemental objections, which renew and incorporate all of its previously filed objections to the Original Joint Plan, and address the revisions in the Amended Joint Plan. ECF Nos. 151, 152.

3. Critically, nothing in Debtors' Amended Joint Plan changes or addresses (i) the substantial risk that the Bank would be forced to endure by continuing to finance Debtors' operations on purely speculative assumptions, (ii) the already significant risk of diminution of the Bank's interest in the collateral securing its debts, (iii) the fact that the plan is not fair and equitable to the Bank, and (iv) the fact that this is nothing more than a two-party dispute that does not belong in bankruptcy.

4. As a result, the Amended Joint Plan cannot be confirmed under § 1129(a) and should not be confirmed under § 1129(b)(1) because it is not fair and equitable to the Bank, under § 1129(b)(2)(A)(ii) because it seeks to strip the Bank of its lien on proceeds from the sale of its collateral, and § 1129(b)(2)(A)(ii) because it fails to provide the Bank the indubitable equivalent of its secured claims. Accordingly, as requested in its original objections (ECF No. 152) and herein, the Bank requests that the Court sustain its objections to Debtors' proposed plan of reorganization and convert these cases under Chapter 7 of the Bankruptcy Code or, in the alternative, dismiss them.

## II. SUPPLEMENTAL OBJECTIONS

5. The Bank makes the following supplemental objections in light of the Debtors' filing of the Amended Joint Plan. Like the Original Joint Plan, the Amended Joint Plan remains

speculative and fails to meet one or more of the technical and substantive requirements of § 1129(a) and (b). Specifically, the Bank objects to the Amended Joint Plan because:

    i.    The Amended Joint Plan continues to impair the Bank's rights by forcing the Bank to take on the risk of financing Debtors' operations based on the purely speculative assumption that Debtors' business plan will succeed where it has already proven to be a failure.

    ii.    At the outset, the fact that the Debtors whimsically revised the term of their proposed plan from 15 years to 5 years clearly evidences that their Original Joint Plan was not filed in good faith. Even with regard to the 5-year plan, Debtors offer no reason why the Bank should accept payments calculated on an amortization over a 15-year payment period. *See Amended Joint Plan*, ECF No. 151-1 at 13.

    iii.    The Bank has no reason to believe, and there is no evidence to show, that Debtors will be able to pay off the loan in 5 years when they cannot pay it now. Specifically, the Amended Joint Plan projects that the balloon payment that will be owed to the Bank on May 31, 2030 will be $7,437,031.66 in principal (for the KCMS loan). *Id*. The Amended Joint Plan does not calculate the balloon payment that would be owed on the Cavalier Loan. Even based on the terms proposed—which are not agreed to by the Bank—the balloon payment on the Cavalier loan that would be owed at the end of the 5-year period is approximately $855,044. Other than conclusory and vague insinuations of potential "refinancing" or "sales" there is no explanation, must less evidence, that Debtors will have sufficient cash of approximately $8,292,075.66 to pay

3

the balloon payment that would be owed. This is fatal to Debtor's requirement under § 1129(a)(11), as there is zero evidence to show that the confirmation "is not likely to be followed by the liquidation, or the need for further financial reorganization". Income projections offered in support of reorganization plans "must be based on concrete evidence of financial progress, and must not be speculative, conjectural or unrealistic." *In re M & S Assocs., Ltd.*, 138 B.R. 845, 849 (Bankr. W.D. Tex. 1992) (citing *In re Canal Place Ltd.*, 921 F.2d 569, 579 (5th Cir. 1991)). Applying this analysis, "reorganization plans providing for balloon payments have been found infeasible." *Id*. (citing *In re Lakeside Global II, Ltd.,* 116 B.R. 499, 505 (Bankr. S.D. Tex. 1989)).

iv. The Amended Joint Plan includes additional payments to the Bank which still fall far short of the original agreement for payments of $100,000 per week. *Compare Amended Joint Plan*, ECF No. 151-1 at 13, *with Final Cash Collateral Order*, ECF No. 53. Specifically, in addition to the $115,000 monthly payments, the Amended Joint Plan provides for one-time payments of $155,000 and $150,000 and three one-time payments of $75,000. ECF No. 151-1 at 13.

v. The addition of the "Rolled-up Loan" concept impairs the Bank's rights by modifying the payment terms of the Loan Agreement. *Compare Amended Joint Plan*, ECF No. 151-1 at 13 (rolling all principal, interest, and fees into a new principal amount) *with Revolving Promissory Note*, ECF No. 130-7 at 1 (providing all payments made shall be credited in such order as the Bank shall determine).

    vi.    The Amended Joint Plan impairs the Bank's rights by suspending the Borrowing Base requirement of Section 2.01(a) of the Loan Agreement. ECF No. 151-1 at 14. Section 2.01(a) provides that should the loans exceed the Borrowing Base amount (which is 70% of Eligible Accounts), Debtors must immediately repay the Bank the excess plus interest. *See e.g. Loan Agreement*, ECF No. 130-1 at 10–11.

    vii.    The Amended Joint Plain continues to impair the Bank's contractual rights to have their liens attach to the proceeds of any sales of collateral on which it has a lien, and therefore continues violate § 1129(b)(2)(A)(ii). Specifically, the Joint Amended Plan adds new objectionable language allowing Debtors to reserve $500,000 from the sale or refinancing of real property for which the Bank has a lien. ECF No. 151-1 at 16. This would impair the Bank's rights as the Bank has a lien on all of the collateral, including the finance receivables and the real estate, and such collateral secures the indebtedness on both loans. *See e.g. First Amended Forbearance Agreement*, ECF No. 130-57 at 8 ("all Collateral pledged by any Obligor shall and does constitute the collateral for any and all indebtedness now existing or hereafter executed by any Obligor to Frost").

6.    For these reasons, and based on the reasons and caselaw cited in the Bank's earlier filed objections, Frost Bank objects to the Amended Joint Plan because it is unconfirmable.

### III.    RESERVATION OF RIGHT TO SUPPLEMENT AND AMEND

7.    Frost Bank reserves and retains the right to supplement and amend its objections to the Debtors' Amended Joint Plan when, as, and if additional information becomes available.

## IV.     PRAYER FOR RELIEF

8. For the reasons described herein, Frost Bank renews its request that the Court enter an order (i) sustaining the Bank's Objections to the Amended Joint Plan and denying approval of the Plan, (ii) converting the Debtors' bankruptcy cases to Chapter 7 for cause or, in the alternative, dismissing the cases, and (ii) granting such other and further relief that this Court deems proper both at law and in equity.

Dated: May 14, 2025

Respectfully Submitted,

**DAVIS & SANTOS, PLLC**

By:     */s/ Sarah Santos*
Sarah Santos
State Bar No. 24040955
E-mail: ssantos@dslapw.com
Landon M. Hankins
State Bar No. 24100924
E-mail: lhankins@dslawpc.com
719 S. Flores Street
San Antonio, Texas 78204
Telephone: (210) 853-5882
Facsimile: (210) 200-8395
***Attorneys for Frost Bank***

## CERTIFICATE OF SERVICE

I hereby certified that on May 14, 2025, a true and correct copy of the foregoing document was served on counsel of record and the parties below as follows:

**Served via electronic filing:**

Todd Brice Headden
HAYWARD PLLC
7600 Burnet Road, Suite 530
Austin, TX 78757
Telephone: (737) 881-7104
E-mail: *theadden@haywardfirm.com*
***Attorney for Debtor***

Gary Wright
ASSISTANT U.S. TRUSTEE
903 San Jacinto Blvd, Room 230
Austin, TX 78701
Telephone: (512) 916-5329
E-mail: *gary.wright3@usdoj.gov*
***U.S. Trustee***

Julie Anne Parsons
MCCREARY, VESELKA, BRAGG & ALLEN, P.C.
P.O. Box 1269
Round Rock, TX 78680
Telephone: (512) 323-3200
E-mail: *jparsons@mvbalaw.com*
***Attorney for The County of Hays, Texas***

Daine W. Sanders
LINEBARGER GOGGAN BLAIR & SAMPSON, LLP
P.O. Box 17428
Austin, TX 78760
Telephone: (512) 447-6675
Email: *austin.bankruptcy@lgbs.com*
***Attorney for Hays CISD and San Marcos CISD***

Jason A. Starks
ASSISTANT COUNTY ATTORNEY
P.O. Box 1748
Austin, TX 78767
Telephone: (512) 854-9092
Email: *jason.starks@traviscountytx.gov*
***Attorney for Travis County***

H. Spence Morano
LEAK, DOUGLAS & MORANO, PC
17 20th Street North, Suite 200
Birmingham, AL 35203
Telephone: (205) 977-7099
Email: *smorano@leakdouglas.com*
***Attorney for Snyder's Salvage***

Christopher V. Arisco
PADFIELD & STOUT, L.L.P.
100 Throckmorton St, Suite 700
Fort Worth, TX 76102
Telephone: (817) 338-1616
Email: *carisco@padfieldstout.com*
***Attorney for LEAF Capital Funding, LLC***

7

**Served via Regular Mail:**

Kyle Chapman Motor Sales, L.P.
18300 S. IH 35
Buda, TX 78610
*Debtor*

TX Comptroller
Revenue Accounting Division
P.O. Box 13528
Austin, TX 78711
*Unsecured creditor*

Henderson, Hutcherson &
McCollough, PLLC
1200 Market Street
Chattanooga, TN 37402
*Unsecured creditor*

KCMS Premier Credit, Inc
18300 S. IH 35 Box 594
Buda, TX 78610
*Debtor*

Cavalier Lamar Holdings, L.P.
18300 S. IH 35
Buda, TX 78610-5735
*Debtor*

Kia of South Austin
6161 Rothway Street
Houston, TX 77040
*Unsecured creditor*

PayChex
911 Panorama Trail South
Rochester, NY 14625
*Unsecured creditor*

JM Auto Sales
11088 County Road 272
Bertram, TX 78605
*Unsecured creditor*

A&R Auto Center, LLC
P.O. Box 2168
Kyle, TX 78640
*Unsecured creditor*

Capital One
P.O. Box 65019
City of Industry, CA 91716
*Unsecured creditor*

South Texas Auto Exchange
1346 Parkridge Drive
San Antonio, TX 78216
*Unsecured creditor*

World Pac
P.O. Box 674687
Dallas, TX 75267
*Unsecured creditor*

Austin Nas Auto, LLC
10836 N. Lamar Blvd
Austin, TX 78753
*Unsecured creditor*

Arnold Oil Company
P.O. Box 18089
Austin, TX 78760
*Unsecured creditor*

Drive Wholesale, LLC
22583 Highway 59 N
Robertsdale, AL 36576
*Unsecured creditor*

Jerry Williams Motors
12018 Hwy 290 W
Austin, TX 78737
*Unsecured creditor*

Elio's Auto Repair
4709 Preakness Street
Del Valle, TX 78617
*Unsecured creditor*

JB's Collision Center
104 Texas Avenue
San Marcos, TX 78666
*Unsecured creditor*

Peak BHPH Performance
10228 E. Northwest Hwy, #1074
Dallas, TX 75238
*Unsecured creditor*

Boost Foundry, LLC dba
Magiloop
237 S. Terrace
Wichita, KS 67218
*Unsecured creditor*

RME Recovery
15505 N. Interstate 35, Ste B
Pflugerville, TX 78660
*Unsecured creditor*

Henna Chevrolet
P.O. Box 15347
Austin, TX 78761
*Unsecured creditor*

South Point Hyundai
4610 S. Interstate 35
Austin, TX 78745
*Unsecured creditor*

*/s/ Sarah Santos*
Sarah Santos